**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 5, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00944-CR

---

### IN RE DAMON KENDRICK DOVE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061181-A**

---

## MEMORANDUM OPINION

On October 4, 2019, relator Damon Kendrick Dove filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Beverly McGrew Walker, Fort Bend County District Clerk, to order the State to take action in response to relator's motion for post-conviction DNA testing by either delivering

the evidence to be tested to the trial court or explaining why the state cannot deliver such evidence.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Texas Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

The Fort Bend County District Clerk is not among the parties specified in section 22.221(b). *Id.* § 22.221(b). Moreover, relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce our appellate jurisdiction. *See id.* § 22.221(a). Therefore, we lack jurisdiction to issue a writ of mandamus against the Fort Bend County District Clerk. Even if we did have jurisdiction, relator cites no authority that would allow the district clerk to order the State to take the requested action, and we are unaware of any such authority.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).